Morgan, J.
From a judgment obtained against him by Avegno, Fosdick applied for a suspensive appeal, which was granted.
The district judge dismissed the appeal on the ground that the security on the appeal bond was not the security which is required by law. Fosdick asks for a writ of prohibition against the judge of the district court, commanding him to desist from proceeding any further against him or his property in the present controversy. He contends that the judgment of the district court is suspended by his appeal and that the bond furnished by him is, in law, good and sufficient!
There seems to be no question of the solvency of the surety. The objection to him is, as we understand it from the answers of Avegno and the district judge, that he is not the owner of tangible property to the amount .of the bond within the jurisdiction of the court.
The article 575 fixes the qualifications of a surety on a suspensive appeal bond. He must be worth the amount of the bond, and must reside within the jurisdiction of the court.-
Here the surety is worth the amount of the bond, and he resides within the jurisdiction of the court. This is all the law requires.
The rule is made peremptory.